IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | In Proceedings |
| TRACY WILLIS | ) | Under Chapter 13 |
| BRIAN WILLIS | ) | |
|         Debtor(s). | ) | Bk. No.: 14-30946 |
| | ) | |

## TRUSTEE'S AMENDED[1] MOTION TO DISGORGE ATTORNEY FEES

COMES NOW, RUSSELL C. SIMON, Chapter 13 Trustee, by and through his attorney, R. Samuel Boughner, and for his Amended Motion to Disgorge Attorney Fees states as follows:

1. The instant case was filed on May 31, 2014.

2. The attorney of record is Jerald A. Hochsztein.

3. The Disclosure of Compensation of Attorney for Debtors (2016(B)) indicates that the agreed upon attorney fees in this case are $1,275, of which $0.00 had been paid prior to the filing of that document.

4. Pursuant to the 2016(b), Debtors' counsel agreed to provide services to the Debtors including "preparation and filing of any petition, schedules, statements of affairs and plan which may be required," and "representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof."

5. The initial setting of the Debtors' 341 Meeting was scheduled for July 9, 2014. The Trustee's Staff Attorney, Tiffany Cornejo, was unable to conduct the 341 Meeting at that time because not all of the required bank statements for the Debtors' bank accounts had been provided, and because not all of the Debtors' bank accounts had been listed on Schedule B. The Debtors and Debtors' counsel were informed that all of the required bank statements would have to be provided to the Trustee before the

---

[1] The primary purpose of this amendment is to supplement the Motion to Disgorge with information concerning the events and circumstances occurring since the filing of that motion. In addition, the amendment seeks to provide some additional substantive detail concerning certain previously described events and communications.

341 Meeting could be conducted, and were further informed that an Amended Schedule B would have to be filed before the 341 Meeting could be conducted.

6. In addition, at the initial 341 Meeting, Debtors' counsel was informed that other documents filed in the case contained errors, conflicts, and inconsistencies that would prohibit the Trustee from conducting the 341 Meeting. It was further requested that Debtors' counsel review those issues in greater detail in an upcoming meeting that had been scheduled between Debtors' counsel and the undersigned Staff Attorney for the Trustee. The 341 Meeting was adjourned to August 6, 2014.

7. On July 10, 2014, the undersigned Staff Attorney for the Trustee, Samuel Boughner, met with Debtors' counsel and during that meeting reviewed a list of errors, conflicts, and/or discrepancies that had been discovered during the Trustee's review of the case. The undersigned Staff Attorney informed Debtors' counsel that those issues would need to be corrected before the upcoming 341 Meeting on August 6, 2014. The issues reviewed during that meeting can be summarized as follows:

   a. On Schedule B, the Debtors had listed two vehicles together with a combined value of $15,000. The Trustee had no way of determining what vehicle was being valued in what amount, or whether those values were correct, and thus, requested that Schedule B be amended accordingly.

   b. On Schedule B, the Debtors had listed a checking account and savings account with GCS Credit Union. However, the bank statements the Trustee had received had referenced a completely different account, and further, according to the Debtors' statements at the 341 Meeting, they only had a savings account with GCS Credit Union, and had an additional account with a bank that was not listed. Thus, the Trustee requested Schedule B be amended accordingly.

   c. On Schedule C, the Debtors had indicated that they were entitled to take the federal exemptions pursuant to 11 U.S.C. § 522(b)(2), but then had listed the Illinois state law exemptions pursuant to 11 U.S.C. § 522(b)(3). In addition, the majority of the exemptions taken were objectionable as they did not clearly specify what property the exemption was being taken in relation to, or otherwise, listed an exemption that would be inapplicable to that property, or otherwise, listed an amount for the exemption above the maximum amount allowed by the statute for that exemption. Moreover, the Debtors did not use

the appropriate official form for Schedule C. Thus, the Trustee requested Schedule C be amended accordingly.

d. On Schedule F, the "total" amount listed for the debts was inconsistent with the cumulative total of the debts listed on Schedule F. Thus, the Trustee requested that the Debtors amend Schedule F accordingly.

e. On the Chapter 13 Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income ("B22C"), the Debtors had failed to complete the box at the top of the form that indicates the applicable commitment period and applicable disposable income calculation. In addition, although the Debtors had indicated that Brian Willis had income from a business on line 3c, the Debtors had not completed lines 3a and 3b to provide the gross income and expenses of that business. Further, although the Debtors had indicated that they had only one vehicle loan obligation, they had taken a second vehicle ownership expense deductions on line 29 of the B22C. Thus, the Trustee requested that the B22C be amended accordingly.

f. On Schedule J, the Debtors had listed several expenses that were being paid through the plan. As such, the Trustee requested that Schedule J be amended accordingly.

g. The Disclosure of Compensation of Attorney (Form "2016(B)") was not filed on the appropriate official form. Thus, the Trustee requested that the Debtors amend the 2016(B) accordingly.

h. The Statement of Financial Affairs ("SOFA") did not provide all of the information concerning the Debtors' income on SOFA No. 1. In addition, some of the information provided was hand-written and nearly illegible. Further, the Debtors had not provided all of the required information concerning certain closed bank accounts on SOFA No. 11. Thus, the Trustee requested that the SOFA be amended accordingly.

i. The Chapter 13 Plan contained the following apparent issues: (a) the total amount of the plan payments contradicted the combined amount of the individual plan payments; (b) the Plan provided for an ongoing mortgage payment to be paid by the Debtors, but also provided for an arrearage on that debt to be paid by the Trustee; (c) Schedule D listed a debt to Green Tree Servicing for a second mortgage, but that debt had not addressed anywhere in the plan; (d) the Plan provided for the payment of a debt on the 2012 Chevrolet Cruze, but did not list the name of the creditor to be paid, and provided a different amount for the debt than had been listed on Schedule D; (e) the Plan provided for a payment of a debt for "household items" in the cram-down section of the plan, but had not listed the creditor to be paid, and neither the amount of the debt, nor the value of the collateral matched the debt listed on Schedule D; and (f) the Plan failed to provide sufficient funding to allow for the plan to complete. Thus, the Trustee requested that the Chapter 13 Plan be amended accordingly.

8. In short, as a result of the apparent issues on the face of the documents filed in the case, the Trustee requested Debtors' counsel amend Schedule B, Schedule C, Schedule F, Schedule J, the SOFA, the B22C, the 2016(B), and the Chapter 13 Plan. The Trustee requested that each of those amendments be completed prior to the re-set date for the 341 Meeting.

9. As of the Second 341 Meeting, on August 8, 2014, Debtors' counsel had not amended any of the case filings as requested by the Trustee. In addition, it should also be noted that Debtors' counsel had not contacted the Trustee's office prior to that date to obtain any further information or clarification as to what case filings needed to be amended, or to further discuss the issues with those case filings. At that time, the Trustee's Staff Attorney, Tiffany Cornejo, once again informed Debtors' counsel of the necessity for those amendments to be filed before the 341 Meeting could be conducted, and once again provided Debtors' counsel with a list of the case filings that needed to be amended. The Trustee adjourned the 341 Meeting a second time to September 10, 2014.

10. As of the Third 341 Meeting, on September 10, 2014, Debtors' counsel had still not filed the requested amendments. Again, it should also be noted that Debtors' counsel made no attempt to contact the Trustee's office prior to that date to obtain any further information or clarification as to what case filings needed to be amended, or to further discuss the issues with those case filings. At the 341 Meeting, Debtors' counsel informed the Trustee's Staff Attorney, Samuel Boughner, that he had the amendments prepared, but indicated that he was unaware they needed to be filed. Once again, Debtors' counsel was informed of the necessity that the requested amendments be filed before the 341 Meeting could be conducted. The Trustee adjourned the 341 Meeting a third time to October 15, 2014.

11. On September 17, 2014, the Trustee filed the original Motion to Disgorge requesting that the Court disgorge or reduce Debtors' counsel's attorney fees.

12. On October 9, 2014, the Debtors filed an Amended Schedule C, Amended Schedule F, Amended Schedule J, Amended B22C, Amended 2016(B), Amended SOFA, and Amended Chapter 13 Plan. The Debtors did not file an Amended Schedule B.

13. As of the Fourth 341 Meeting, on October 15, 2014, the Debtors had still not filed the Amended Schedule B. Thus, once again, the Trustee adjourned the 341 Meeting a fourth time to November 19, 2014.

14. On October 19, 2014, the Debtors filed an Amended Schedule B and Amended Schedule C.

15. In anticipation of the upcoming 341 Meeting the Trustee's office re-reviewed the entire Chapter 13 case, taking into account each of the amended filings. Unfortunately, that review made clear that the amendments had not only failed to cure all of the original issues, but had also created numerous additional issues.

16. On November 5, 2014, the Trustee sent the Debtors and Debtors' counsel a detailed letter describing each of the issues that had either not been resolved through the amendments, or otherwise, been created by the change of the information in the amended filings. The following is an excerpt from the November 5, 2014 Letter (attached hereto as Attachment A):

    a. On the Amended Schedule B filed on October 19, 2014, the Debtors vehicles are listed together for a combined value of $15,000. Please amend this schedule to list each vehicle and its value separately. In addition, please provide the condition and mileage for each vehicle as part of that description in order to allow the Trustee to assess the value asserted. Furthermore, please list whether each vehicle is owned (titled) in the name of the husband, wife, or held jointly.

    b. On the Amended Schedule B filed on October 19, 2014, the Debtors removed the Granite City Steel Credit Union checking account. If this account was closed within one year of the filing of this case, the Debtors must file an

amended statement of financial affairs to list the information related to the closing of that account.

c. On the Amended Schedule C filed on October 19, 2014, the Debtors have listed a combined vehicle exemption for $4,800. The description provided for this vehicle is stated as: "Automobile." This description is insufficient for the Trustee to be able to determine what vehicle the exemption is being applied to. Please amend schedule C to correct this issue.

d. On the Amended Schedule C filed on October 19, 2014, the Debtors have taken a "tools of the trade" exemption in the amount of $3,200. The description provided for the property being exempt is listed only as "machinery." This description is insufficient to allow the Trustee to determine what "machinery" the exemption is being applied to. In addition, the exemption taken exceeds the amount of the exemption available under the statute. Please amend schedule C to correct these issues.

e. On the Schedule J filed on October 9, 2014, the Debtors included a $135 per month installment payment expense for the secured debt to World Finance. As this debt is to be paid through the Chapter 13 Plan, please file an amended schedule J to remove this expense.

f. On the Amended Current Monthly Income and Calculation of Commitment Period and Disposable Income (B22C) filed on October 9, 2014, the Debtors are deducting $321.40 for Qualified Retirement Deductions (Line 55). Pursuant to the pay advices provided to the Trustee, it appears the monthly average of the Debtors retirement deductions (including the repayment of retirement loans) is $141.52. As such, the Debtors should either file an amended B22C or provide the Trustee with documentation or information to substantiate the higher retirement deduction amount.

g. In the Amended Chapter 13 Plan filed on October 9, 2014, the Debtors are proposing to pay their second mortgage direct to GreenTree Servicing. The date for the initial post-petition payment is incorrect. As the case was filed on May 31, 2014, the first post-petition payment for this debt would be June 1, 2014, not July 1, 2014. The plan should be amended to correct this issue. In addition, the Debtors should be prepared to offer explanatory testimony as to why the monthly payment amount on this second mortgage is $0.00, or otherwise, should amend the plan to correct that payment amount.

h. In the Amended Chapter 13 Plan filed on October 9, 2014, the Debtors are proposing to pay the secured debt to World Finance as a cram-down claim in section 4B of the plan. The Debtors have listed the value of the collateral in the plan as $100. However, on Schedule D, the Debtors have listed the value of the collateral as $200. The Debtors must file an amended plan to list the proper value of the collateral in the plan.

i. The issues addressed herein leave the Trustee unable to accurately determine whether the presently filed plan provides for an appropriate amount of funding

to allow the plan to complete, meets the liquidation requirements pursuant to 11 U.S.C. § 1325(a)(4), or meets the disposable income requirements of 11 U.S.C. § 1325(b). An amended plan should be filed to take into account any changes resulting from the issues being addressed above.

17. Throughout November 12, 2014 and November 13, 2014, the Debtors filed an Amended Schedule B, Amended Schedule C, Amended Schedule J, Amended B22C, Amended 2016(B), and Amended Chapter 13 Plan.

18. Once again, in anticipation of the upcoming 341 Meeting the Trustee's office re-reviewed the entire Chapter 13 case, taking into account each of the amended filings. Once again, the amendments failed to cure the issues in the case as had been set forth in the November 5, 2014 Letter, and once again the amendments resulted in additional new issues for which further amendment to the case will be necessary. The majority of those issues can be summarized as follows:

   a. On the Amended Schedule B filed on November 12, 2014, the Debtors provided an attachment to the Schedule B stating that the two vehicles had separate values of $10,000 and $15,000 respectively. However, the form portion of the Schedule B indicated that the combined value of these vehicles is $15,000. This contradiction will have to be corrected.

   b. On the Amended Schedule B, the Debtors listed the 2012 Chevy Cruze as being titled in the name of the leinholder, and did not explain which of the Debtors had an ownership interest in the vehicle. This information had been specifically requested in the November 5, 2014 Letter.

   c. On the Amended Schedule B, the Debtors listed the combined value of all bank accounts as $1,342.87; however, the to the Amended Schedule B indicated that the combined value of the bank accounts was $1,447.87. This contradiction will have to be corrected.

   d. On the Amended Schedule B, the Debtors had reduced the value of the business machinery, fixtures, equipment and supplies from $3200 to $1500. However, on the attachment to the Amended Schedule B, the Debtors had listed the total value of those items as having a value of $1490. This contradiction will have to be corrected.

   e. On the Amended Schedule C filed on November 12, 2014, the Debtors took a $4,800 exemption in the 2003 Chevy Silverado vehicle pursuant to 735 I.L.C.S. § 5/12-1001(c). The maximum exemption amount for each Debtor under that statute is $2,400, and the Debtors had asserted that the 2003 Chevy

Silverado is titled only in the name of Mr. Harris. Thus, the exemption being asserted clearly exceeded the maximum allowable exemption under Illinois law and will have to be corrected.

    f. On the Amended Schedule C, the Debtors claimed an exemption in the combined categories of "household goods and furniture; jewelry" in the amount of $3,100. However, according to the contemporaneously filed Amended Schedule B, the total value of the property listed in these categories would be $2900. This contradiction will have to be corrected.

    g. In the Amended Plan filed on November 13, 2014, the Debtors continued to assert that their ongoing mortgage payment to Green Tree Servicing was $0.00 per month, without further information or explanation. At the 341 Meeting, the Debtors' explanation for this assertion was that their mortgage had been transferred to Green Tree Servicing from a prior servicer, and they had yet to receive a statement from Green Tree Servicing informing them of their payment amount. The Debtors did not dispute that they owed a monthly payment. This issue will have to be resolved and the plan will have to be amended to correct it.

    h. In the Amended Plan, the Debtors removed the information from paragraph 10 concerning the payment of unsecured creditors in this case. Where the prior amended plan had indicated that payment would be at 100%, this amendment neither provided for payment at 100% or any other amount. In the November 5, 2014 Letter, the Trustee specifically requested that any amended plan provide for unsecured creditors in compliance with 11 U.S.C. § 1325(a)(4), and 11 U.S.C. § 1325(b). This issue will have to be resolved through the filing of an amended plan.

    i. Finally, throughout the amendments filed in this case, and despite several requests from the Trustee to the contrary, Debtors' counsel continues to make some of the amendments with hand-written notes that are nearly, and at time fully, illegible.

19. Following his review of these most recent amendments, the Trustee elected to proceed with the 341 Meeting in hopes of being able to take up any remaining issues through the confirmation process. On November 19, 2014, testimony was taken and the Trustee concluded the 341 Meeting.

20. However, given the repeated failure by Debtors' counsel to present timely, accurate, consistent, and legally permissible information in this case, the Trustee is left with grave concerns about the adequacy of the legal services being provided, and Debtors' counsel's ability to represent the Debtors in a competent, diligent, and effective

manner.

21. This Court has the authority to examine and set attorney fees pursuant to Title 11 U.S.C. § 330(a)(1)(A) and/or § 503(b)(1)(A). That authority exists regardless of whether the source of that compensation is the debtor or a third-party. *See In re Lawson*, 437 B.R. 609 (Bankr. E.D. Tenn. 2010) (law firm ordered to disgorge all attorney fees even though some received from third-party). Additionally, this Court has the authority to take any action it deems necessary or appropriate to carry out the provisions of Title 11 and/or to prevent an abuse of process pursuant to § 105.

22. Based on the foregoing, the Trustee asserts that Debtors' counsel's attorney fees should be disgorged and/or reduced in an amount the Court deems appropriate based on the assertions herein. In addition, the Trustee requests the Court fashion a remedy to assure that the remaining issues in this case can be resolved without further issue. To that end, the Trustee would request that the Court order Debtors' counsel to retain -- or otherwise obtain, without additional expense to the Debtors -- co-counsel to review and approve the filing of each and every further document filed in this case.

Wherefore, the Trustee prays this Court to examine Debtors' counsel's attorney fees in this case, and to order disgorgement or reduction of said fees in an amount as the Court deems appropriate, and for Debtors' counsel to obtain or retain co-counsel to provide assistance in the further prosecution of this case, and for all other relief this Court deems just and equitable.

Respectfully Submitted,

/s/ R. Samuel Boughner
R. SAMUEL BOUGHNER, ARDC#6315222
RUSSELL C. SIMON, Trustee
Chapter 13 Trustee
24 Bronze Pointe
Swansea, IL 62226
Telephone: (618) 277-0086
Telecopier: (618) 234-0124
samb@simonch13trustee.com

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was mailed to the following interested parties who have not been electronically notified this 26th day of November, 2014, with the correct postage prepaid and deposited in the U.S. Mail.

Tracy and Brian Willis
2645 Center St.
Granite City, IL 62040

Jerald A. Hochsztein
230 S. Bemiston, Ste. 1200
St. Louis, MO 63105

/s/Jeff

# ATTACHMENT A

# Russell C. Simon
# Chapter 13 Standing Trustee

P.O. Box 24100  
Belleville, Illinois 62223

24 Bronze Pointe  
Swansea, Illinois 62226

P.O. Box 1898  
Memphis, TN 38101  
*For payments only*

Telephone: (618) 277-0086                                        Telecopier: (618) 234-0124

November 5, 2014

Jerald A. Hochsztein  
230 S. Bemiston, Ste. 1200  
St. Louis, MO 63105

Re: Tracy and Brian Willis; Case #14-30946

Dear Mr. Hochsztein,

The Trustee has ask that I provide you with a list of the issues that we have identified from our review of the documents filed in this case to date. Accordingly, please review and address the issues as set forth below:

- On the Amended Schedule B filed on October 19, 2014, the Debtors vehicles are listed together for a combined value of $15,000. Please amend this schedule to list each vehicle and its value separately. In addition, please provide the condition and mileage for each vehicle as part of that description in order to allow the Trustee to assess the value asserted. Furthermore, please list whether each vehicle is owned (titled) in the name of the husband, wife, or held jointly.

- On the Amended Schedule B filed on October 19, 2014, the Debtors removed the Granite City Steel Credit Union checking account. If this account was closed within one year of the filing of this case, the Debtors must file an amended statement of financial affairs to list the information related to the closing of that account.

- On the Amended Schedule C filed on October 19, 2014, the Debtors have listed a combined vehicle exemption for $4,800. The description provided for this vehicle is stated as: "Automobile." This description is insufficient for the Trustee to be able to determine what vehicle the exemption is being applied to. Please amend schedule C to correct this issue.

- On the Amended Schedule C filed on October 19, 2014, the Debtors have taken a "tools of the trade" exemption in the amount of $3,200. The description provided for the property being exempt is listed only as "machinery." This description is insufficient to allow the Trustee to determine what "machinery" the exemption is being applied to. In addition, the exemption taken exceeds the amount of the exemption available under the statute. Please amend schedule C to correct these issues.

- On the Schedule J filed on October 9, 2014, the Debtors included a $135 per month

# Russell C. Simon
## Chapter 13 Standing Trustee

P.O. Box 24100  
Belleville, Illinois 62223

24 Bronze Pointe  
Swansea, Illinois 62226

P.O. Box 1898  
Memphis, TN 38101  
*For payments only*

Telephone: (618) 277-0086                                                                      Telecopier: (618) 234-0124

---

installment payment expense for the secured debt to World Finance. As this debt is to be paid through the Chapter 13 Plan, please file an amended schedule J to remove this expense.

- On the Amended Current Monthly Income and Calculation of Commitment Period and Disposable Income (B22C) filed on October 9, 2014, the Debtors are deducting $321.40 for Qualified Retirement Deductions (Line 55). Pursuant to the pay advices provided to the Trustee, it appears the monthly average of the Debtors retirement deductions (including the repayment of retirement loans) is $141.52. As such, the Debtors should either file an amended B22C or provide the Trustee with documentation or information to substantiate the higher retirement deduction amount.

- In the Amended Chapter 13 Plan filed on October 9, 2014, the Debtors are proposing to pay their second mortgage direct to GreenTree Servicing. The date for the initial post-petition payment is incorrect. As the case was filed on May 31, 2014, the first post-petition payment for this debt would be June 1, 2014, not July 1, 2014. The plan should be amended to correct this issue. In addition, the Debtors should be prepared to offer explanatory testimony as to why the monthly payment amount on this second mortgage is $0.00, or otherwise, should amend the plan to correct that payment amount.

- In the Amended Chapter 13 Plan filed on October 9, 2014, the Debtors are proposing to pay the secured debt to World Finance as a cram-down claim in section 4B of the plan. The Debtors have listed the value of the collateral in the plan as $100. However, on Schedule D, the Debtors have listed the value of the collateral as $200. The Debtors must file an amended plan to list the proper value of the collateral in the plan.

- The issues addressed herein leave the Trustee unable to accurately determine whether the presently filed plan provides for an appropriate amount of funding to allow the plan to complete, meets the liquidation requirements pursuant to 11 U.S.C. § 1325(a)(4), or meets the disposable income requirements of 11 U.S.C. § 1325(b). An amended plan should be filed to take into account any changes resulting from the issues being addressed above.

Please ensure that each of these amendments are filed at least **7 days** prior to the 341 Meeting, which is presently scheduled for November 19, 2014, at 9:00 a.m. Further, if you do not believe that any one of the requests above is necessary, please make sure and contact me to discuss that matter. If any of these issues remains unresolved at the time of the 341 Meeting, the Trustee will not conduct the 341 Meeting, and will take further action based on the failure to comply with this request.

If you need any further information, or wish to discuss any of these matter further, please contact

# Russell C. Simon
## Chapter 13 Standing Trustee

P.O. Box 24100  
Belleville, Illinois 62223

24 Bronze Pointe  
Swansea, Illinois 62226

P.O. Box 1898  
Memphis, TN 38101  
*For payments only*

Telephone: (618) 277-0086

Telecopier: (618) 234-0124

me at your convenience. Thank you.

Sincerely,

/s/ *R. Samuel Boughner*

R. Samuel Boughner  
Staff Attorney

cc:  
Brian and Tracy Willis  
2645 Center St.  
Granite City, IL  62040